# Wheeling.

## HOBBS, BARNES & CO. vs. WILSON.

### January Term, 1865.

1. W., a member of the firm of W., S. & Co., retires by consent, and a new firm of D., S. & Co. receives the assets of the firm of W., S. & Co. A creditor of W., S. & Co. obtains a judgment against them for a debt contracted prior to the retiring of W., who together with a part of the co-partners, satisfy said judgment; W. seeks contribution from the partners not so aiding to satisfy. HELD:

> That he should first seek the assets of W., S. & Co. received by D., S. & Co., and if not sufficient to reimburse him, he is entitled to a contribution from the solvent co-partners of W., S. & Co.

2. When a member of a co-partnership retires with consent of the remaining partners, they are bound to save him harmless, so far as the assets of the partnership will extend: but no farther.

This case can be properly understood from the statement as made by the judge, in his opinion, deciding it.

*M. C. Good* for the appellants.
*James S. Wheat* for the appellee.

BROWN, J. This is an appeal from the circuit court of Ohio county. The appellee *Wilson* who was complainant in the court below, filed his bill setting forth that himself and the appellants *Hobbs, Barnes & Co.*, with others, were partners in the firm of *Wilson, Sweeney & Co.*; that before paying into the firm any portion of the capital stock, he and *Miss Ellison*, another partner, withdrew from it with the consent of the other members of the firm; that the assets of the firm were subsequently received and appropriated by the firm of *Drakely, Sweeney & Co.*, composed mainly of the remaining members of the old firm and said *Drakely* and *George S. Atkinson*, that the said new firm of *Drakely*

*Sweeney & Co.* undertook and agreed to pay the debts of the old firm of *Wilson, Sweeney & Co.*, but failed to do so, and finally the company failed; that afterwards *Shoenberger & Berry*, creditors of *Wilson, Sweeney & Co.*, sued the latter company at law, for a pre-existing liability, in assumpsit, and recovered judgment for 1,309 dollars and 19 cents against the appellee *Wilson* and the other members of the firm, except *Hobbs, Barnes & Co.*, as to whom there was verdict and judgment in their favor upon the plea of non-assumpsit, with an affidavit denying that they were individual partners, and alleging that the firm of *Hobbs, Barnes & Co.* only, was a member of the firm of *Wilson, Sweeney & Co.*; that the appellee *Wilson* paid off 573 dollars and 35 cents part of said judgment, and *Narcissa Ellison* and *John A. Ellison* the residue; that the rest of the partners against whom said judgment was rendered were insolvent.

The bill prayed that the said firm of *Drakely, Sweeney & Co.* might be decreed to refund to the appellee *Wilson*, the part of said judgment so paid by him: and for general relief.

The answers of the appellants, *Hobbs, Barnes & Co.*, do not deny, but substantially admit the above facts as stated in the bill, except that they deny any knowledge of an agreement between the parties, that *Drakely, Sweeney & Co.* were to pay off the debts of *Wilson, Sweeney & Co.*, as in the bill alleged, nor is there any proof of such special agreement in the record.

The court decreed in favor of the appellee against the appellants, i. e., that they refund to him the amount so paid. And from that decree this appeal was taken.

It will be observed that the bill charges and the answers admit, that there were assets of the firm of *Wilson, Sweeney & Co.*, which came to the hands of their successors, *Drakely, Sweeney & Co.*; but the amount of the assets nowhere appears, nor does it appear whether or not those assets were sufficient to indemnify the appellee for the amount so paid by him.

The authorities are clear, that where no express contract

exists, the law raises an implied promise on the part of the remaining partners, to pay the debts of the firm, and save the retiring partner harmless to the extent of the assets received but no further; see 12 Ben Munroe and the authorities there cited, and Story on partnership.

Applying this rule, it becomes material to know the extent of the assets of *Wilson, Sweeney & Co.* which were received by *Drakely, Sweeney & Co.*, before any intelligible decree can be pronounced. And if the amount prove inadequate to indemnify the appellee, then he would be entitled to contribution from his co-partners who were solvent.

The decree of the circuit court ought, therefore, to be reversed, and the cause remanded, that the proper enquiry may be had, and the amount of said assets ascertained.

The other judges concurred in the opinion of BROWN, J.

DECREE REVERSED.